UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HAJO OTTO,

                              Plaintiff,                    **DECISION AND ORDER**

              -vs-                                          04-CV-494A(Sc)

SAMUEL J. SAIA, et al.,

                              Defendants.
_____


## I.  INTRODUCTION

Plaintiff commenced this action on or about March 12, 2004 in the United States District Court, Southern District of New York and it was transferred to this District on July 6, 2004.  Presently before this Court are Plaintiff's  Motion to Extend Time for mediation set forth in the Referral Order dated January 10, 2006 and Plaintiff's Motion for Leave to Amend his Complaint.  The Motion to Extend Time is contested and the Motion for Leave to Amend is not.  Both are discussed below, beginning with the latter.

## II.  DISCUSSION

### A.    MOTION TO AMEND

On March 24, 2006, Plaintiff moved for leave to amend his Complaint to include additional defendants and claims (Docket No. 58).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend pleadings shall be freely given when justice so requires.  See Livingston v. Piskor, 215

F.R.D. 84, 85 (W.D.N.Y. 2003) (Larimer, J.). Nonetheless, the decision of whether to grant leave to amend remains within the court's discretion. John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)); cf. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (court's decision on whether to allow amendment is reviewed for abuse of discretion).

A refusal to grant a request for leave to amend must be "based on solid ground." Oliver Sch., Inc. v. Foley, 930 F.2d 248, 253 (2d Cir. 1991) (internal citations omitted). Factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" have been identified by the Supreme Court as adequate grounds for denial. Foman, 371 U.S. 178, 182; Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991); John Hancock, 22 F.3d at 462.

Plaintiff's Notice of Motion states that Alan Bozer, Esq., counsel for the only served Defendant to appear in this action, consents to the proposed amendment (*Id.*, ¶ 2). While Plaintiff's Motion is not accompanied by a stipulation or affirmation to that effect, Attorney Bozer did submit an affirmation in opposition to Plaintiff's Motion to Extend Time, wherein he acknowledged that "[o]n or about December 2, 2005, [he] stipulated . . . to allow the plaintiff to amend his complaint" (Docket No. 56, ¶ 4). In short, the motion is unopposed.

Plaintiff's Motion to Amend also is unaccompanied by any statement of the reasons for the amendment and, presumably, Plaintiff relies on the Affirmation of Patrick

J. Monaghan, Jr., Esq., submitted in support of the Motion to Extend Time, in this regard. Therein, Attorney Monaghan states that discovery revealed the existence of additional parties who should be made defendants.  Upon review of the proposed amended complaint, it appears that the additional parties and claims are consistent with those identified in the Monaghan Affirmation.

The Court's primary concern here is the potential for additional delay in this action. The docket in this case is rife with requests, motions and stipulations for extensions of time, initiated by both parties, culminating in this Court's notice on March 1, 2006 that no further extensions of time will be granted.[1]  However, in light of Rule 15's mandate that leave to amend be freely given and the fact that Plaintiff's motion is unopposed, Plaintiff's Motion for Leave to Amend is granted on condition that the Amended Complaint is filed no later than April 15, 2006.

**B.     MOTION TO EXTEND TIME**

Although captioned as a Motion to Extend Time to Complete Mediation, Plaintiff appears to be requesting an extension of time in which to conduct the **initial** mediation session and also permission for both Plaintiff and his counsel to participate in mediation by telephone (Docket No. 55).  For the reasons stated below, the time in which to conduct the initial session will be extended to June 30, 2006 and permission to participate by telephone is denied.

**1.     Deadline for the Initial Mediation Session**

A review of the docket entries in this case reveals the following issues of concern

---

[1]  Just nine days thereafter, Plaintiff again moved for an extension of time.

to the Court.   A settlement conference was scheduled with Magistrate Judge Scott for May 12, 2005, at which neither party appeared (Docket No. 36).   This case was referred to mediation on January 10, 2006 (Docket No. 48).   Although Plaintiff had obtained Defendant's consent to amend his Complaint on December 2, 2005, and therefore was fully aware of all the issues he raises in his motion prior to the referral of this case to mediation, he did not promptly move to amend, did not move to opt-out of ADR within the time permitted, and did not file the instant motion until March 10, 2006, the deadline set in this Court's Referral Order for the conduct of the first mediation session.   Plaintiff offers no excuse for his delay and untimely motion.

Plaintiff hereby is placed on notice of Section 5.8(G) of the Alternative Dispute Resolution Plan for the Western District of New York, which requires that "[a]ll parties and counsel shall participate in mediation in good faith.   Failure to do so shall be sanctionable by the Court."   Plaintiff's belated motion does not evidence the requisite good faith participation in the mediation process and, unfortunately, has garnered him precisely what he seeks—a delay of mediation.

As is evident under the Court's ADR Plan, it is anticipated that mediation will occur early in the case, oftentimes before the conduct of discovery.   Thus, assuming Plaintiff files his Amended Complaint and is diligent with regard to service, there is simply no need for the lengthy extension requested.   Accordingly, the deadline for the first mediation session is extended to and including June 30, 2006.   It is expected that mediation will take place on or before that date with whichever defendants have then entered an appearance.   No further extension of the initial mediation session deadline will be

granted.

### 2.      Participation by Telephone

Section 5.8(A) of the ADR Plan states that: "[a]ll named parties and their counsel

are required to attend the mediation session(s) in person unless excused under 5.8(E)

below."  Section 5.8(E) provides that:

> Any person who is required to attend a mediation session may be excused
> from attending in person only after showing that personal attendance would
> impose an extraordinary or otherwise unjustifiable hardship.  Not less than
> ten (10) days before the date set for the mediation, a person seeking to be
> excused must submit a letter to the Mediator with copies sent to all other
> counsel and unrepresented parties, which states:
>
> 1.      All considerations that support the request; and
>
> 2.      Whether the other party or parties join in or object to the request.
>
> Any party opposing the request shall submit a written statement of opposition no
> less than five (5) days prior to the mediation.
>
> The Mediator shall promptly make a determination as to the necessity of the
> person's attendance and may require personal participation, permit participation
> by telephone, or excuse the person's presence altogether.  The Mediator's
> decision shall be final.

Plaintiff has not provided a copy of a letter to the Mediator or any affirmation

indicating that he followed the process set forth in the Plan for making such a request, nor

does he attest to having received a final decision from the Mediator on this issue.

The Court notes that there is no mechanism in the Plan for bringing such disputes

before the Court; "the Mediator's decision shall be final."   Nevertheless, Plaintiff has

chosen to do so here and his conduct suggests that the Court's intervention on this issue

may be necessary.  This Court agrees with Defendant's view that there can be no

reasonable expectation of progress at a mediation session if the Plaintiff's side of the

table is empty.  Furthermore, the sole reason Plaintiff provides for his request is the "difficulty and expense" to him and his attorney to travel from Florida and New Jersey, respectively (Docket No. 55, Monaghan Affirm. ¶ 3(b)).  "Inconvenience, travel costs, attorney fees or other costs shall not constitute 'good cause'" for relief from in person attendance, just as it is not good cause for opting out of the ADR process entirely.  ADR PLAN § 2.2(C).

Therefore, Plaintiff's motion to participate by telephone is denied and any failure by Plaintiff or his counsel to appear in person will be considered a willful violation of this Order.

## III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Amend his Complaint is granted, conditioned on his filing the Amended Complaint no later than April 15, 2006. The time in which to conduct the initial mediation session is extended to and including June 30, 2006.  Plaintiff's request that he and counsel be permitted to participate in mediation by telephone is denied.

## ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion to Extend Time (Docket No. 55) for the conduct of the initial mediation session is GRANTED.

FURTHER, that the initial mediation session in this case shall be held no later than June 30, 2006, and no further extension of time will be granted.

FURTHER, that Plaintiff and his counsel are directed to appear in person for mediation.

FURTHER, that Plaintiff's Motion for Leave to Amend his Complaint (Docket No. 58) is GRANTED.

FURTHER, that Plaintiff is directed to file his proposed Amended Complaint no later than April 15, 2006.

SO ORDERED.

Dated:      March 31, 2006
            Buffalo, New York

                                        /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                        United States District Judge