UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HAJO OTTO,

                              Plaintiff,

                                                                               **Hon. Hugh B. Scott**

                                v.

                                                                                04CV494A

                                                                                **Report**
                                                                                 **&**
SAMUEL J. SAIA, et al.,                              **Recommendation**

                              Defendants.
_____

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 14). The instant matter before the Court is plaintiff's motion (Docket No. 65) for summary judgment against defendant Samuel Saia[1], see Fed. R. Civ. P. 56(a). According to the

---

[1] In support of this motion is plaintiff's Statement of Material Facts; plaintiff's attorney's affidavit; a volume of exhibits; a volume of excerpts of deposition testimony from plaintiff, defendants Samuel Saia and F. Paul Muccigrosso, and witness Michael Turk; plaintiff's memorandum of law, Docket No. 65; attorney's reply affidavit, Docket No. 106; and reply memorandum of law, Docket No. 107.
     In opposition to the motion is defendant Samuel Saia's memorandum of law, Docket No. 75; his opposing Statement of Facts, Docket No. 76; his affidavit with exhibits, Docket No. 77; defense counsel's declaration with additional exhibits, No. 78.
     Separately, new defendants Citizens Financial and Gabriele Maddalena (hereinafter the "Citizens Bank defendants") moved to dismiss the Amended Complaint, Docket No. 73. Plaintiff cross-moved to compel discovery from the Citizens Bank defendants, Docket No. 108, and seeks to convert the Citizens Bank defendants' motion into one for summary judgment, see Docket No. 112, and to dismiss it as such as being premature.

briefing schedule entered for this motion, responses to this motion were due by June 2, 2006, any reply by June 30, 2006, and argument on September 6, 2006 (Docket Nos. 66, 80, 118).

## BACKGROUND

This is a securities fraud (pursuant to the Securities Act of 1933 §§ 12 and 22, the Securities Exchange Act of 1934 §§ 10(b) and 27, 15 U.S.C. §§ 77l, 77v, 77e, 78j(b), 78aa, and rules under those latter sections), diversity and pendent jurisdiction case alleging fraud and related torts involving a secured transaction between plaintiff (a Florida resident) and defendant Samuel Saia ("Saia" or "defendant," a New York resident) as well as other defendants (mostly New Yorkers or New York corporate entities) involved in these transactions (Docket No. 1, Compl. ¶¶ 7, 6, 9, 2-5; see Docket No. 61, Am. Compl. ¶¶ 22-24). Essentially, plaintiff purchased an interest in a Florida hotel in exchange for loaning almost $200,000 to defendant Saia, and then plaintiff acquired from Saia a first mortgage on property Saia claimed to own in East Aurora, New York ("East Aurora property").

The original Complaint alleged claims against Saia, F. Paul Muccigrosso, Anita Saia Quinn ("Saia Quinn," Samuel Saia's sister), Frank Masse & Associates, LLC ("Masse"), and John and Jane Does 1-3 and initially was commenced in the United States District Court for the Southern District of New York. (See Docket No. 1, Compl.) The action was transferred to this District (Docket No. 8). Later, default judgments were sought and entered against Muccigrosso and Masse (Docket Nos. 25, 28). Claims against Saia Quinn were dismissed by stipulation

(Docket No. 50) and the John and Jane Doe defendants were terminated by the filing of the Amended Complaint[2] (Docket No. 61).

*Complaint*

Pertinent to this motion is plaintiff's claims against remaining original defendant Samuel Saia as alleged in the initial Complaint, despite the filing of the Amended Complaint (Docket No. 65, Pl. Atty. Aff. ¶ 5). According to that initial Complaint (and as alleged in this motion's Statement of Undisputed Facts and plaintiff's counsel's affidavit in support of this motion, Docket No. 65), plaintiff managed a hotel in Hollywood, Florida, and in April 2003, was introduced to Saia (Docket No. 1, Compl. ¶ 12). Saia represented to plaintiff that Saia was the principal owner of the Florida hotel and he was interested in selling part of his interest in that hotel to plaintiff (id. ¶ 13). Saia offered to sell an 80% interest in the hotel (id. ¶ 14), conditioned upon plaintiff lending Saia $196,578.81 (id. ¶¶ 15, 20). This loan presumably was to be secured by a mortgage on property in East Aurora, New York, Saia claimed that he owned otherwise free and clear, save a first mortgage that plaintiff's loan proceeds would extinguish (id. ¶ 16). Plaintiff alleged that these representations by Saia were false (id. ¶¶ 17, 23). In May 2003, plaintiff and Saia executed a Limited Liability Company Agreement with non-party Michael Turk (id. ¶ 18, Ex. A). Plaintiff and Saia also executed an agreement for plaintiff to lend money to Saia to pay off Saia's mortgage on the East Aurora property and to take a mortgage on that property (id. ¶ 21). Based on these representations and agreements, at the direction of defendant Muccigrosso, plaintiff wired the loan proceeds (id. ¶ 23, Ex. C) to an account held by defendant

---

[2]This Amended Complaint adds new defendants, other corporations that allegedly were involved in the underlying fraudulent scheme.

Masse (Docket No. 65, Pl. Statement SOUF 16).  In the mortgage document, Saia further represented that he owned the East Aurora property and that there were no outstanding claims on that property (save those on public record) (Docket No. 1, Compl. ¶ 29).

However, Saia had subjected the East Aurora property to a mortgage in favor of Ameriquest Mortgage Company before entering into these transactions and he previously transferred the property to his sister, Saia Quinn (id. ¶ 23)[3].  Due to Saia not having title to the East Aurora property when he entered into plaintiff's mortgage agreement, plaintiff's mortgage was ineffective to create a first lien on that property (Docket No. 1, Compl. ¶ 32).

In the initial Complaint, plaintiff sued for damages, punitive damages, attorney's fees, an order setting aside the conveyance of the East Aurora property from Saia to Saia Quinn, prejudgment attachment of the East Aurora property, forfeiture of Saia's remaining 20% interest in the Florida hotel, and other relief (Docket No. 1, Compl. ¶ 34).  He sued all defendants for fraud (id. ¶¶ 35-37), common law fraud and conspiracy by all defendants (id. ¶¶ 42-46), violation of section 12(2) of the Securities Act of 1933, with the promissory note as the security (id. ¶¶ 50-55), and seeking an order of attachment (id. ¶¶ 59-61)[4].  Plaintiff alleged that Saia breached his contract (id. ¶¶ 38-39), and his warranty of title (id. ¶¶ 40-41), and (with his sister, Saia Quinn) fraudulently conveyed the East Aurora property in violation of New York Debtor & Creditor Law §§ 275, 276 (id. ¶¶ 56-58).

---

[3]After this action was commenced, Saia reacquired the East Aurora property from Saia Quinn (see Docket No. 61, Am. Compl. ¶ 34).

[4]Plaintiff's fifth count alleged aiding and abetting fraud by Muccigrosso and Saia Quinn, Docket No. 1, Compl. ¶¶ 47-49.

*Proceedings Leading to Amended Pleadings*

This case was referred to mediation (Docket No. 48) and plaintiff later moved for an extension of time to complete mediation (Docket No. 55), arguing that he needed to amend the Complaint to add new parties related to these transactions (id. Pl. Atty. Affirm. ¶ 3(a)). Plaintiff also anticipated that he would move for summary judgment against Saia (id. ¶ 3(c)). Plaintiff then moved (without opposition) for leave to amend the Complaint (Docket No. 58), which was granted on April 3, 2006 (Docket No. 59, Order of Skretny, J.; see id. at 1-2). That Order also extended the time for the initial mediation session (id. at 4).

*Amended Complaint*

The Amended Complaint (Docket No. 61, Apr. 10, 2006; see also Docket No. 62, Aff. of Service of Am. Compl.), fleshed out allegations against Saia as a result of plaintiff's discovery (Docket No. 65, Pl. Atty. Aff. ¶ 5; e.g., Docket No. 61, Am. Compl. ¶¶ 25, 34, 35-36, 38-43, Exs. A-E), and adds new defendants and new claims against them.[5] As against Saia, the first count is refined as fraud involving him and Muccigrosso (Docket No. 61, Am. Compl. ¶¶ 85-87), the second and third counts reallege the breaches of contract and warranty of title by Saia (id.

---

[5]See Docket No. 61, Amended Complaint, for the claims alleged. The Amended Complaint as to the new parties tracks where plaintiff's loan proceeds allegedly actually went following his wire transfer, id. ¶¶ 53-60, and the alter ego status many of the corporate entities had with Muccigrosso, id. ¶¶ 61-68. The remaining of the factual allegations involve check kiting by Muccigrosso and his alter ego corporations and the failure of the bank to detect this activity, id. ¶¶ 69-83. The new counts allege conversion by defendant Cavalry Portfolio Services, LLC, id. ¶¶ 97-100, and by defendant Refinance America Ltd Trust, id. ¶¶ 101-04; breach of fiduciary duty by Citizens Bank defendants, id. ¶¶ 105-08; alter ego liability for David McDonald, Tabula Rasa, Inc., Tabula Rasa International Ltd., and We Find Everyone, Inc., id. ¶¶ 115-20, 121-23; money had and received by Tabula Rasa, Tabula Rasa International, We Find Everyone, and Cavalry, id. ¶¶ 124-25, 126-30; and unjust enrichment against McDonald, Tabula Rasa, Tabula Rasa International, We Find Everyone, and Refinance America, id. ¶¶ 133-34.

¶¶ 88-89, 90-91), and the fourth count alleges common law fraud and conspiracy by Saia and Muccigrosso (id. ¶¶ 92-96). The renumbered eighth count alleges violations of the Securities Act by Saia, Muccigrosso, and Masse (id. ¶¶ 109-14). The attachment claim, the renumbered thirteenth count, is now alleged against Saia, Tabula Rasa, Inc., Tabula Rasa International, Ltd., and We Find Everyone, Inc. (id. ¶¶ 131-32).

The parties stipulated to extend the time for Saia to answer the Amended Complaint (Docket No. 69). Saia then answered the Amended Complaint (Docket No. 72; see id. ¶¶ 14-32; see also Docket No. 65, Pl. Atty. Aff. ¶ 5)[6]. Saia also alleged cross-claims against Muccigrosso and Masse (Docket No. 72, Ans. ¶¶ 35-38), Saia also asserted counterclaims against plaintiff (Docket No. 72, Ans. ¶¶ 14-32), which plaintiff replied (Docket Nos. 105, 109[7]).

*Summary Judgment Motion*

After various extensions of the Scheduling Order (Docket No. 21; see Docket Nos. 38, 41, 42, 43, 44, 46, 47, 52, 53, 54), extensions of the schedule for Court-ordered mediation (Docket Nos. 55, 59, see Docket No. 48 (Order referring case to mediation)), and the filing of the Amended Complaint (Docket Nos. 61, 62), plaintiff now moves for summary judgment against Saia (Docket No. 65).

---

[6] As previously stated, the Citizens Bank defendants moved to dismiss the Amended Complaint, Docket No. 73. Defendants McDonald, Tabula Rasa, Tabula Rasa International, We Find Everyone, and Calvary separately answered, Docket Nos. 81, 82, 83, 84, 85, 86. Plaintiff separately settled with defendant Refinance America Limited Trust, see Docket No. 114.

[7] Refiled due to ECF error.

**DISCUSSION**

I.      Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

II.   Procedural Objections to Summary Judgment Motion

Plaintiff bases his present motion on the original Complaint (see Docket No. 65, Pl. Atty. Aff. ¶ 5). Saia objects to this motion because it is based upon the original Complaint that is now superceded by the Amended Complaint (Docket No. 78, Saia Atty. Decl. ¶ 3; Docket No. 75, Saia Memo. of Law at 8-9). Further, he objects to admission of certain exhibits introduced in plaintiff's counsel's affidavit (with that affidavit not based upon the attorney's personal knowledge), concluding that the exhibits are hearsay or lack authentication (Docket No. 78, Saia Atty. Decl. ¶ 5).

   A.   Effect of Amendment to Pleadings

Under Federal Rule of Civil Procedure 15, the amended pleading supercedes the former pleading and the original pleading no longer performs any function in the case, 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476, at 556-57 (Civil 2d ed. 1990). Any subsequent motion should be addressed to the amended pleading, id. at 557. When a pleading, such as an original Complaint, has been superseded by an amendment a court may not consider it for a summary judgment motion. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2722, at 369 (Civil 3d ed. 1998). A plaintiff can not move for summary judgment upon an original Complaint when he has successfully moved to amend it. One court denied a pro se plaintiff's summary judgment motion when she failed to meet her burden of proof because her verified original complaint was superceded by unverified amendments, rendering the original complaint of no legal effect, King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). This is especially pertinent here where plaintiff alleged in more detail his claims against Saia in the Amended Complaint (see Docket No. 61)

and Saia answered them with counterclaims (Docket No. 72) that plaintiff filed as a reply (Docket No. 105). Plaintiff contends that, as against Saia, his allegations are "substantially the same" in the Amended Complaint as alleged in the original (Docket No. 106, Pl. Atty. Aff. ¶ 4). But the procedural landscape has changed with his amended pleading and Saia's assertions against it and plaintiff's reply thereto. Even if plaintiff were granted summary judgment as against Saia under the Amended Complaint, Saia's counterclaim would remain pending.

The pertinent pleading for this motion, however, is the Amended Complaint. On this basis, plaintiff's present motion should be **dismissed without prejudice** to be renewed under the present Amended Complaint.

B.   Evidentiary Basis for the Motion

Still, if this Court were to consider plaintiff's present motion, it is based upon an attorney's affidavit, with volume of exhibits including portions of deposition transcripts. Saia objects because the attorney's affidavit was not made upon personal knowledge of the attorney and the attached exhibits D-K either were hearsay or were not self-authenticating (Docket No. 78, Saia Atty. Aff. ¶ 5). In his reply, plaintiff's counsel cites various evidentiary sources for the assertions made in his affidavit, although it was not based upon his own knowledge but based upon the compiled evidence (Docket No. 106, Pl. Atty. Aff. ¶ 1).

Under Rule 56(c) the evidentiary basis for a motion for summary judgment are pleadings, depositions, and affidavits. The affidavit must be from someone with personal knowledge of the facts stated therein, Fed. R. Civ. P. 56(e). An attorney's affidavit however is rarely based on personal knowledge to be admissible for a summary judgment motion, see Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (in opposing summary judgment motion, attorney's

affidavit not based on personal knowledge held insufficient to defeat motion). An attorney's affidavit can be used to introduce documents and is a common device in summary judgment motions performing that function, Sitts v. United States, 811 F.2d 736, 741-42 (2d Cir. 1987); United States v. Letscher, 83 F. Supp. 2d 367, 381 (S.D.N.Y. 1999). An attorney's statements of fact may render him a witness and thus subject to disqualification as counsel, see Purgess v. Sharrock, 33 F.3d 134, 143-44 (2d Cir. 1994), and the statements may also constitute a waiver of attorney-client or work product privileges, see 11 Moore's Federal Practice--Civil § 56.14 (2006).

The objectionable exhibits plaintiff's counsel included in his affidavit are various papers from Muccigrosso or bank records[8]. Included among those exhibits is the purported agreement between Saia and plaintiff in the Offer to Purchase Real Estate to have the ownership interest in the Florida hotel contingent upon plaintiff lending money to Saia (Docket No. 65, Pl. Atty. Aff. Exs. D, E), a document plaintiff's attorney argued was the only written proof of this arrangement (cf. id. Saia EBT Tr. at 155, admitting arrangement). If challenged, these documents need to be authenticated by an affiant through whom the exhibits could be admitted into evidence, 10A Federal Practice and Procedure, supra, § 2272, at 382, 384 & n.41, or be self-authenticating documents, see Fed. R. Evid. 902. Plaintiff contends that these documents were produced by Saia himself and identified by him during his deposition (Docket No. 106, Pl. Atty. Aff. ¶¶ 5-7, see, e.g., Docket No. 65, Saia EBT Tr. at 155 (Saia shown what is identified here as Docket No. 65 Ex. E)).

---

[8]Some of these documents were attached to the Amended Complaint, see, e.g., Docket No. 61, Ex. D.

Thus, this Court should **disregard** plaintiff's Exhibits D-K. The remaining documents and counsel's averments from them are in line with an attorney's affidavit that introduces these documents as part of the motion's record. The Court, therefore, will consider these remaining exhibits.

III.    Application--Material Issues of Fact

Alternatively, if these procedural hurdles are overcome and this Court were to reach the merits of plaintiff's motion, plaintiff contends that there are no material issues of fact, that Saia owes him the full amount of the almost $200,000 loan (plus interest) (see Docket No. 65, Pl. Memo. at 9). He argues that Muccigrosso, a convicted felon for fraud (Docket No. 65, Pl. Atty. Aff. ¶ 8 n.2), should be deemed Saia's agent and binding Saia to Muccigrosso's actions (Docket No. 65, Pl. Memo. at 17).

Plaintiff raises, then dismisses, several potential issues of fact (Docket No. 65, Pl. Memo. at 6-8; Pl. Atty. Aff. at pages 6-7, "Issues Presented"). Plaintiff asks whether Saia made Muccigrosso his agent, whether Saia ratified Muccigrosso's activities, whether plaintiff complied with the terms of the loan to make the note and mortgage enforceable against Saia, and whether Saia's counterclaim alleging that plaintiff breached his agreement to pay off the Ameriquest mortgage should be dismissed as a matter of law in the absence of any evidence of that agreement (Docket No. 65, Pl. Memo. at 6-8). He then points out evidence in the record supporting his answers to these questions (see id.), despite the present recommendation not to consider the unauthenticated exhibits that plaintiff includes as part of the record in support of his allegations. Plaintiff argues that Muccigrosso was Saia's agent and Muccigrosso's actions were attributable to his principal, Saia (id. at 17-21).

Saia contends that plaintiff's argument rests upon the alleged agency relationship between Muccigrosso (the person who caused plaintiff to wire his funds) and Saia. Saia argues that there are material issues of fact as to the conversations plaintiff relies upon to create an actual or apparent agency relationship between Saia and Muccigrosso (Docket No. 75, Saia Memo. at 3, 8, 10-11, 9-10). Saia denies that Muccigrosso was his agent (Docket No. 77, Saia Aff. ¶ 8) and contends that plaintiff has no documentary evidence to prove his version of the relationship (Docket No. 75, Saia Memo. at 8). Saia contends that Muccigrosso was to provide information to plaintiff about the Ameriquest mortgage (id. at 2-3) and Muccigrosso was not acting as Saia's agent in that transaction.

Saia argues that plaintiff is a sophisticated real estate businessman while Saia was a simple pensioner with limited resources (see id. at 1-2). Saia contends that plaintiff is arguing that its offer to purchase the Florida hotel is an agreement, while in fact, the terms of that transaction were evolving since that offer (see id. at 2). During oral argument, Saia's counsel stated that he was duped by Muccigrosso like plaintiff and other defrauded clients of Muccigrosso. Counsel also argued that plaintiff failed to prove either apparent or actual authority to establish the existence of an agency relationship.

Fundamental issues of fact exist here as to Muccigrosso's role with Saia, whether an agency relationship (actual or apparent) was created to make Saia liable for Muccigrosso's misdeeds. As a result, plaintiff should be **denied** summary judgment as against Saia.

IV. Denial of Motion With or Without Prejudice?

But given the procedural posture of this motion (made under the original Complaint shortly after its amendment) the next issue is whether plaintiff's motion should be denied with or

without prejudice to be renewed under the current amended pleading. While the Amended Complaint supercedes the original, its allegations amplified in detail the transaction between plaintiff, Saia, and Muccigrosso. The Amended Complaint generally alleges that Muccigrosso had actual and apparent authority from Saia to act on his behalf (Docket No. 61, Am. Compl. ¶ 5), that Saia had appointed Muccigrosso to handle Saia's personal affairs and Saia had advised plaintiff to deal with Muccigrosso regarding the loan (id. ¶¶ 35-36).

The question becomes whether the amended pleading (especially its allegations of agency between Saia and Muccigrosso), coupled with the admissible record before this Court, precludes finding material issues of fact. A renewed summary judgment motion would not be futile given the amended pleadings. Plaintiff should be allowed a second chance to move for summary judgment against Saia under the Amended Complaint, including presenting such documentary evidence in an admissible form, see Fed. R. Civ. P. 56(c), (e). Therefore, denial of this motion should be **without prejudice** to allow plaintiff at some later date, if he choose, to renew this motion but based upon the amended pleadings and responses thereto.

## CONCLUSION

Based upon the above, it is recommended that plaintiff's motion (Docket No. 65) for summary judgment against defendant Samuel Saia on the **initial** Complaint be **denied without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 19, 2006