UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HAJO OTTO,

Plaintiff,

v.

SAMUEL J. SAIA, et al.,

Defendants.

**Hon. Hugh B. Scott**

04CV494A

**Report & Recommendation**

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 14). The instant matter before the Court is the motion of defendants Citizens Financial Group, Inc., Citizens Bank, N.A., f/k/a Charter One Financial, Inc., a/k/a Charter One Bank and Gabriele Maddalena's (collectively the "Citizens Bank Defendants") to dismiss (Docket No. 73)[1], see Fed. R. Civ. P. 12(b)(6). For convenience, defendant Citizens Financial Group, Inc., hereinafter will be referred to as "Citizens Bank" and this reference also includes the formerly named entities Charter One Financial, Inc., and Charter One Bank.

[1]In support of this motion is the Citizens Bank defendants' attorney's affidavit with attached exhibits, the Amended Complaint and its attached exhibits; and these defendants' memorandum of law, Docket No. 73.

In opposition to the motion, plaintiff cross-moved to compel discovery and filed an opposing attorney's affidavit (with exhibits) to defendants' motion, Docket No. 108, and a memorandum of law, Docket No. 112.

Separately, plaintiff also moved for summary judgment against Samuel Saia, Docket No. 65. This Court has rendered a Report & Recommendation, Docket No. 119, recommending denial of that motion without prejudice.

In opposing this motion, plaintiff cross-moved to compel discovery from these defendants (Docket No. 108). For convenience, this Report & Recommendation will contain the Order ruling on this cross-motion.

According to the briefing schedule entered for this motion, responses to this motion were due by June 30, 2006, any reply by July 31, 2006, and argument on September 6, 2006 (Docket Nos. 74, 118; see Docket No. 111, regarding briefing schedule for plaintiff's cross-motion, with responses due August 14, 2006, and argument, with other motions, on September 6, 2006). These motions were argued with plaintiff's motion for summary judgment against co-defendant Saia (see Docket Nos. 65, 80, 118).

## BACKGROUND

This is a securities fraud, diversity and pendent jurisdiction case alleging fraud and related torts involving a secured transaction between plaintiff (a Florida resident) and defendant Samuel Saia ("Saia" or "defendant," a New York resident) and involving other defendants (mostly New Yorkers or New York corporate entities) in these transactions (Docket No. 1, Compl. ¶¶ 7, 6, 9, 2-5; see Docket No. 61, Am. Compl. ¶¶ 22-24). Essentially, plaintiff purchased an interest in a Florida hotel in exchange for loaning almost $200,000 to defendant Saia, and then plaintiff acquired from Saia a first mortgage on property Saia claimed to own in East Aurora, New York ("East Aurora property"). Plaintiff now alleges claims against various persons and entities who were somehow subsequently involved in these transactions, including tracing what happened to plaintiff's loan proceeds.

The original Complaint alleged claims against Saia, F. Paul Muccigrosso, Anita Saia Quinn ("Saia Quinn," Samuel Saia's sister), Frank Masse & Associates, LLC ("Masse"), and

John and Jane Does 1-3 and initially was commenced in the United States District Court for the Southern District of New York. (See Docket No. 1, Compl.) The action was transferred to this District (Docket No. 8). Later, default judgments were sought and entered against Muccigrosso and Masse (Docket Nos. 25, 28). Claims against Saia Quinn were dismissed by stipulation (Docket No. 50) and the John and Jane Doe defendants were terminated by the filing of the Amended Complaint (Docket No. 61). This Amended Complaint adds as new defendants other corporations that allegedly were involved in the underlying fraudulent scheme, including the moving defendants herein.

*Complaint*

According to that initial Complaint (and in the Amended Complaint, see generally Docket No. 61), plaintiff managed a hotel in Hollywood, Florida, and in April 2003, was introduced to Saia (Docket No. 1, Compl. ¶ 12). Saia represented to plaintiff that Saia was the principal owner of the Florida hotel and he was interested in selling part of his interest in that hotel to plaintiff (id. ¶ 13). Saia offered to sell an 80% interest in the hotel (id. ¶ 14), conditioned upon plaintiff lending Saia $196,578.81 (id. ¶¶ 15, 20). This loan presumably was to be secured by a mortgage on the East Aurora property that Saia claimed to own otherwise free and clear, save a first mortgage that plaintiff's loan proceeds would extinguish (id. ¶ 16). Plaintiff alleged that these representations by Saia were false (id. ¶¶ 17, 23). In May 2003, plaintiff and Saia executed a Limited Liability Company Agreement (id. ¶ 18, Ex. A). Plaintiff and Saia also executed an agreement for plaintiff to lend money to Saia to pay off Saia's mortgage on the East Aurora property and to take a mortgage on that property (id. ¶ 21). Based on these representations and agreements and, at the direction of defendant Muccigrosso, plaintiff wired the loan proceeds (id.

¶ 23, Ex. C) to an account held by defendant Masse (see Docket No. 65, Pl. Statement SOUF 16). However, Saia had subjected the East Aurora property to a mortgage in favor of another lender before entering into these transactions and he previously transferred the property to his sister, Saia Quinn (id. ¶ 23). After this action was commenced, Saia reacquired the East Aurora property from Saia Quinn (see Docket No. 61, Am. Compl. ¶ 34). Due to Saia not having title to the East Aurora property when he entered into plaintiff's mortgage agreement, plaintiff's mortgage was ineffective to create a first lien on that property (Docket No. 1, Compl. ¶ 32).

*Amended Complaint*

Pertinent to the present motion are plaintiff's claims against some of the new defendants alleged in the Amended Complaint. The Amended Complaint (Docket No. 61, Apr. 10, 2006) adds new defendants and new claims against them and refines plaintiff's allegations against Saia[2]. As to the new parties, the Amended Complaint tracks where plaintiff's loan proceeds actually went following his wire transfer (id. ¶¶ 53-60), and the alter ego status many of the corporate entities involved with those proceeds had with Muccigrosso (id. ¶¶ 61-68). The remaining of the factual allegations involve check kiting by Muccigrosso and his alter ego corporations and the failure of Citizens Bank to detect this activity (id. ¶¶ 69-83). The new counts allege conversion by defendant Cavalry Portfolio Services, LLC (id. ¶¶ 97-100), and by defendant Refinance America Ltd Trust (id. ¶¶ 101-04); alter ego liability for David McDonald,

[2]As against Saia, the first count is refined as fraud involving him and Muccigrosso, Docket No. 61, Am. Compl. ¶¶ 85-87, the second and third counts reallege the breaches of contract and warranty of title by Saia, id. ¶¶ 88-89, 90-91, and the fourth count alleges common law fraud and conspiracy by Saia and Muccigrosso, id. ¶¶ 92-96). The renumbered eighth count alleges violations of the Securities Act by Saia, Muccigrosso, and Masse, id. ¶¶ 109-14. The attachment claim, renumbered thirteenth count, is now alleged against Saia, Tabula Rasa, Inc., Tabula Rasa International, Ltd., and We Find Everyone, Inc., id. ¶¶ 131-32.

Tabula Rasa, Inc., Tabula Rasa International Ltd., and We Find Everyone, Inc., to Muccigrosso (id. ¶¶ 115-20, 121-23); money had and received by Tabula Rasa, Tabula Rasa International, We Find Everyone, and Cavalry (id. ¶¶ 124-25, 126-30); and unjust enrichment against McDonald, Tabula Rasa, Tabula Rasa International, We Find Everyone, and Refinance America (id. ¶¶ 133-34).

As against the Citizens Bank Defendants, plaintiff alleges in the new seventh claim of breach of fiduciary duty by defendants Gabriele Maddalena, the assistant bank manager for the North Town branch of the Citizens Bank in Amherst, New York, and Citizens Bank (id. ¶¶ 105-08, 15-17, 19-20). Muccigrosso was a once convicted felon when he had accounts with Citizens Bank; plaintiff alleges that the Citizens Bank Defendants allowed Muccigrosso to operate these accounts and failed to determine the nature of the businesses of Masse or Tabula Rasa (id. ¶ 80). The Citizens Bank Defendants allegedly allowed Muccigrosso to open corporate accounts, permitted frequent overdrafts and transfers from those accounts, thereby recklessly aiding and abetting Muccigrosso's wrongful conduct (id. ¶ 81). The Citizens Bank Defendants, despite Muccigrosso's notoriety, allowed him to establish and manipulate these corporate accounts (id.). During oral argument, plaintiff's counsel pointed out that plaintiff alleged that Muccigrosso owed plaintiff a fiduciary duty (see id. ¶ 21), which the Citizens Bank Defendants aided and abetted the breach thereof. Plaintiff also alleges that the Citizens Bank Defendants did not follow proper banking and audit procedures and that Citizens Bank failed to audit and supervise Maddalena, thus making Citizens Bank liable under respondeat superior (id. ¶¶ 82, 83). By failing to exercise due diligence in permitting Muccigrosso and Masse to use accounts as instrumentalities of fraud, the Citizens Bank Defendants allegedly aided and abetted the

wrongdoing, further aiding and abetting by allowing Muccigrosso and McDonald to use the corporate accounts for their personal benefit (id. ¶¶ 106, 107). As these defendants describe it in their motion (Docket No. 73, Citizens Bank Defs. Atty. Aff. ¶ 9), "Mr. Otto's claim against [them] is that they should not have permitted Mr. Muccigrosso and/or Frank Masse & Associates to hold an account at their bank." Essentially, by the Citizens Bank Defendants allowing Muccigrosso and Masse to have accounts at Citizens Bank, these defendants aided and abetted Muccigrosso and Masse's unlawful conduct, that the Citizens Bank Defendants could have detected Muccigrosso and Masse's conduct with due diligence (id. ¶ 10). These defendants contend that plaintiff alleges here that they aided and abetted the breach of fiduciary obligations owed by Muccigrosso and his affiliated entities (Docket No. 73, Citizens Bank Defs. Memo. of Law at 2).

To date, co-defendants McDonald, Tabula Rasa, Tabula Rasa International, and We Find Everyone, and Calvary separately answered (Docket Nos. 81-86[3]). Saia answered the Amended Complaint and alleged counterclaims against plaintiff (which plaintiff replied, Docket Nos. 105, 109) and cross-claims against Muccigrosso and Masse (Docket No. 72).

*Citizens Bank Defendants' Motion to Dismiss*

The Citizens Bank Defendants now move to dismiss the Amended Complaint (Docket No. 73). The Citizens Bank Defendants here argue that plaintiff fails to state a cause of action against them for breach of fiduciary duty or aider and abetter liability. Asserting the elements for aider and abettor liability under New York law, see In re Sharp Int'l Corp. v. State St. Bank,

---

[3]Plaintiff separately settled with defendant Refinance America Limited Trust, see Docket No. 114.

403 F.3d 43, 49 (2d Cir. 2005) (Docket No. 73, Citizens Bank Defs. Memo. at 3), they contend that plaintiff does not argue that he had a relationship with them to create a duty (see Docket No. 73, Citizens Bank Defs. Atty. Aff. ¶¶ 11-14, 18-19). First, plaintiff did not allege that the Citizens Bank Defendants had any knowledge of the other defendants' alleged wrongdoing, in particular about the hotel and loan transactions (id. ¶¶ 15, 16). Plaintiff did not allege that the Citizens Bank Defendants substantially assisted the other defendants (id. ¶ 17). Absent a fiduciary relationship between the bank and plaintiff, the fact that the Citizens Bank Defendants did not conduct a background check of Muccigrosso and Masse does not rise to the level of substantial assistance to constitute aiding and abetting the co-defendants' scheme (id. ¶ 18). Finally, plaintiff fails to allege an underlying fiduciary relationship with the Citizens Bank Defendants (id. ¶ 19).

*Plaintiff's Cross-Motion to Compel*

In opposing this motion, plaintiff seeks additional time to conduct voluntary discovery he began from these defendants, seeking information as to their knowledge of the principal wrongdoers (Docket No. 108, Pl. Atty. Aff. ¶ 2). Defendant Maddalena was examined, but that deposition was not completed and some of plaintiff's voluntary discovery requests (in particular Citizens Bank's procedure manual and possible further depositions of bank officials) remain outstanding (id. ¶¶ 5, 19-20, 22). Plaintiff argues that, based on this deposition testimony, he has stated a prima facie case against the Citizens Bank Defendants (id. ¶ 12).

In reply, plaintiff argues that he has presented sufficient matters outside of the pleadings to convert the Citizens Bank defendants' motion into one for summary judgment, Fed. R. Civ. P. 12(b)(6) (see Docket No. 112, Pl. Memo. of Law at 7-8) and to dismiss it as such as being

premature or to seek discovery under Rules 56(f) and 26 (id. at 4, 17). Responding to plaintiff's cross-motion, the Citizens Bank Defendants argue that they are challenging the four corners of the Amended Complaint and that this pleading fails to state a legally cognizable claim (Docket No. 115, Citizens Bank Defs. Reply Memo. of Law at 1 & n.1). The Citizens Bank Defendants state that they will not submit evidence in support of their motion to dismiss and do not intend to convert that motion into one for summary judgment (id. at 1-2). They conclude that this Court should disregard irrelevant, extraneous material submitted by plaintiff in opposition to their motion (id.).

## DISCUSSION

I. Motion to Dismiss Standard

The Citizens Bank Defendants have moved to dismiss the Amended Complaint on the grounds that it states a claim for which relief cannot be granted. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health

and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002). A defendant may move under Rule 12(b)(6) to challenge the legal sufficiency of the Complaint before subjecting itself to discovery. Greene v. Emersons, Ltd., 86 F.R.D. 66, 73 (S.D.N.Y 1980), aff'd, 736 F.2d 29 (2d Cir. 1984); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). A motion to dismiss, unlike a motion for summary judgment, should be resolved before discovery begins, and the opponent to such a motion and the Court has no need for discovery to address such a motion, see Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). A Rule 12(b)(6) motion addresses questions of law only and not of fact. Discovery has no bearing on the determination of whether the Complaint states a cause of action, Chicago Bd. Options Exch., Inc. v. Connecticut Gen. Life Ins., 95 F.R.D. 524 (N.D. Ill. 1982).

II. Application

The Citizens Bank Defendants argue that plaintiff needed to plead with particularity his fraud allegations that the bank aided and abetted the unlawful conduct of the co-defendants, see Kolbeck v. LIT America, Inc., 939 F. Supp. 240, 245 (S.D.N.Y. 1996), aff'd, 152 F.3d 918 (2d Cir. 1998) (Docket No. 73, Citizens Bank Defs. Memo. at 3). Under New York law, aiding and abetting requires three elements: actual knowledge of the fiduciary obligation; knowing inducement or participation in the breach; and plaintiff suffering damage as a result of the breach, Sharp Int'l, supra, 403 F.3d at 49. The Citizens Bank Defendants assert that plaintiff failed to allege their actual knowledge of the purported fraud or breach of fiduciary duty by the bank's customers Muccigrosso or Masse (Docket No. 73, Citizens Bank Defs. Memo. at 4). This omission is fatal to plaintiff's claims against the Citizens Bank Defendants (id. at 4-7).

Plaintiff argues that, through voluntary discovery, he has a basis for a prima facie case against these defendants and cross-moves to compel these defendants to provide further discovery (Docket No. 108, Pl. Atty. Aff. ¶¶ 12, 9). Plaintiff, however, cites to evidence outside of his pleadings[4] from that voluntary discovery to oppose this motion to dismiss. He only argues from the face of the pleading his allegation of Muccigrosso making payments from money plaintiff wired (per instruction) to Masse (id. ¶¶ 17-18, see id. ¶¶ 7-8, 11) and that the Citizens Bank Defendants failed to use due diligence to detect Muccigrosso's misfeasance (id. ¶¶ 80-83, 106-07). In reply, plaintiff argues that this defense motion to dismiss should be converted into one for summary judgment and then denied as premature since more discovery is required (Docket No. 112).

Examining just the pleadings, as must occur upon a Rule 12(b)(6) motion (unless the motion is converted into a summary judgment motion, as discussed in Part III, below), plaintiff has not alleged in the Amended Complaint the bank's knowledge of its customer's fraud or the existence of a fiduciary relationship between the customer and the plaintiff. From the bank's perspective (or from assistant bank manager Maddalena's perspective), all that is alleged that they knew was that one of their customer's received a wire transfer of funds and that customer then distributed the funds to corporate accounts the customer controlled. If viewed strictly as a motion to dismiss, the Citizens Bank Defendants should be granted that relief.

[4]Movants attached the Amended Complaint, with its exhibits, in support of their motion to dismiss, Docket No. 73.

III. Consideration of Extra-Pleading Material and Conversion to Summary Judgment Motion

Rule 12(b)(6) provides that if "matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Either the pleader or the movants may bring the conversion provision of Rule 12(b)(6) into operation by submitting extra-pleading material, 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366, at 150 (Civil 3d ed. 2004); see Guray v. Winehouse, 190 F.3d 37, 42-43 (2d Cir. 1999) (plaintiff's affidavit in opposition to motion to dismiss, held motion should have been converted); Grand Union Co. v. Cord Meyer Dev. Corp., 735 F.2d 714, 716-17 (2d Cir. 1984) (per curiam) (plaintiff and defendant submitted extra-pleading materials), on remand, 761 F.2d 141 (2d Cir. 1985). The Court has complete discretion to determine whether or not to accept the submission of extra-pleading materials and rely upon it, and thereby convert the Rule 12(b)(6) motion into a Rule 56 summary judgment motion, 5C Wright & Miller, supra, § 1366, at 159; Amaker v. Weiner, 179 F.3d 48, 50-51 (2d Cir. 1999) (mere attachment of outside material does not convert motion, court must consider attached material and have it affect its decision to convert motion); Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 44 n.2 (2d Cir. 1997) (district court held not to have erred in not converting motion where it did not rely upon outside materials and did not look beyond the four corners of the pleading); Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000) (when presented with materials outside of pleading, court may either exclude the materials or convert the motion). It is error, however, for the Court to decline to consider extra-pleading materials in considering the sufficiency of his pleadings, Freeman v. Marine Midland Bank-New

York, 494 F.2d 1334, 1338-39 (2d Cir. 1974), and, once the Court so considers such material, the motion must be converted, see id. at 1338. The conversion requirement is strictly enforced whenever there is a legitimate possibility that the Court relies upon the extra-pleading materials in ruling on the motion, Amaker, supra, 179 F.3d at 50. “This discretion will be exercised on the basis of the district court’s determination of whether or not the proffered material, and resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action,” 5C Wright & Miller, supra, § 1366, at 165. When the extra-pleading material is complete and enables a rational determination of a summary judgment motion, courts are likely to accept it and convert the motion; when the materials are scanty, incomplete, or inconclusive, courts are likely not to accept it, id. at 165-66. By accepting the extra-pleading material, the Court under Rule 12(b)(6) “shall” convert the motion to one for summary judgment, id. at 167; Carter v. Stanton, 405 U.S. 669, 671 (1972) (per curiam). Once the motion is converted, the movants’ burden changes to the burden for establishing summary judgment, 5C Wright & Miller, supra, § 1366, at 203. The parties need to be on notice of this conversion to a summary judgment motion or the likelihood that such a conversion will take place, id. at 188, at least the ten days called for in Rule 56(c), see Beacon Enterps. Inc. v. Menizes, 715 F.2d 757, 767 (2d Cir. 1983) (district court sua sponte treating pro se defendant’s motion to dismiss as one for summary judgment).

A motion for summary judgment before discovery has even begun has been found to be premature in some circumstances. See Wait v. Beck’s North Am., Inc., 241 F. Supp. 2d 172, 176 (N.D.N.Y. 2003); Whiting v. Maiolini, 821 F.2d 5, 7 (1st Cir. 1991) (disfavoring summary judgment motions where “discovery has barely begun”). Thus, the issue is whether the Court

will consider plaintiff's extra-pleading materials and, in effect, convert defendants' motion into one for summary judgment. Such a conversion now, however, will not lead to a rational determination and ultimate disposition of plaintiff's claims against the Citizens Bank defendants; even plaintiff argues that this should not happen. Rather, he is invoking Rule 56 and its provision for authorizing pre-summary judgment discovery to avoid the affect of defendants' motion to dismiss. But the scope of discovery under Rule 56(f) differs from that under Rules 26-37, see First National Bank of Ariz. v. Cities Service Corp., 391 U.S. 253, 265 (1968), with discovery under Rule 56(f) being more limited, to showing facts to withstand summary judgment, than broader Rule 26 discovery, which goes to finding information "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1). Discovery under Rule 56(f) is only to enable the opposing party to respond to a summary judgment motion, that is to point out material issues of fact that should preclude summary judgment. At this early stage in this litigation, plaintiff probably seeks Rule 26 discovery, but by seeking to convert this motion into one for summary judgment, only limited Rule 56(f) would be available.

Freeman v. Marine Midland Bank appears to be similar to the procedural posture of this case. There, plaintiff served his affidavit and counsel's affidavit in opposition to defendant's motion to dismiss, to which defendant filed reply affidavit, 494 F.2d at 1336-37. Plaintiff's affidavits outlined "an extended course of dealing between Freeman and the bank," id. at 1336, 1336-37, to which defendant replied with its version of the transactions, id. at 1336 n.3. The Second Circuit found that, while the complaint failed to allege the cause of action asserted, the affidavits disclosed triable issues of fact, id. at 1337, and the district court erred in not

considering these affidavits either for testing the sufficiency of the pleadings or testing whether there was a material issue of fact, id. at 1339.

Here, however, the Citizens Bank Defendants rely only upon the Amended Complaint and conclude that it does not state a claim, asking the Court to disregard plaintiff's extraneous material. This Court should **not convert** this motion to dismiss into a summary judgment motion and deny plaintiff's application to so convert this motion.

IV. Plaintiff's Discovery

Plaintiff's cross-moved to compel discovery from these defendants so that he can have discovery from the moving defendants before a dispositive motion is considered (Docket No. 108). If converted into a Rule 56 summary judgment motion based upon plaintiff's extra-pleading materials, plaintiff contends that he needs to complete voluntary discovery conducted with these defendants as to their knowledge and Citizens Bank's policies (see Docket No. 112, Pl. Memo. at 4, 17).

In Chicago Board Options Exchange, the district court granted defendant a stay of discovery while its motion to dismiss under Rule 12(b)(6) remained pending, reasoning that discovery does not bear upon the determination of whether the complaint stated a cause of action, 95 F.R.D. at 525. Under Rule 56(f), an opponent to summary judgment can state in an affidavit that it is unable to respond to the motion for summary judgment because it needs discovery. "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition [to a motion for summary judgment], the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had

or may make such other order as is just," Fed. R. Civ. P. 56(f). "A party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing '"(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts,"'" Guray, supra, 190 F.3d at 44 (quoting Meloff v. New York Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995) (quoting in turn Hudson River Sloop Clearwater, Inc. v. Department of the Navy, 891 F.2d 414, 422 (2d Cir. 1989))). In Guray, the Second Circuit held that plaintiff did not articulate his discovery needs to justify Rule 56(f) discovery after holding that the district court should have converted defendant's motion to dismiss into a summary judgment motion, id.

But this motion to dismiss should remain as such and not be converted into a summary judgment motion. Thus, anything beyond the four corners of the Amended Complaint here is extraneous and should be disregarded.

V. Result

After disposition of the pending motions, as well as plaintiff's motion for summary judgment against Saia (Docket No. 65; see Docket No. 119), assuming no objection to that Report & Recommendation (or this one), and the default judgments and stipulated dismissals already entered in this case (see Docket Nos. 25, 28, 50, 114), the following parties and claims remain for adjudication: the conversion claims against Cavalry; alter ego liability against McDonald, Tabula Rasa, Tabula Rasa International, and We Find Everyone; money had and received claims against Cavalry, McDonald, Tabula Rasa, Tabula Rasa International, and We Find Everyone; attachment against McDonald, Tabula Rasa, Tabula Rasa International, and We

Find Everyone; and unjust enrichment claims against McDonald, Tabula Rasa, Tabula Rasa International, and We Find Everyone. Assuming either no objection or adoption of the other Report & Recommendation in this action regarding plaintiff's motion for summary judgment against Saia (Docket No. 119), his claims against Saia remain for possible renewed motion or trial.

## CONCLUSION

Based upon the above, it is recommended that defendants Citizens Bank and Maddalena's motion to dismiss (Docket No. 73) be **granted** and plaintiff's request to convert that motion into a motion for summary judgment (see Docket Nos. 112, 108) should be **denied**.

Plaintiff's cross-motion to compel discovery from defendants Citizens Bank and Maddalena (Docket No. 108) is **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S**

**ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 19, 2006