UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



HAJO OTTO,

                          Plaintiff,

                                                              ORDER
            v.                                                04-CV-494A

SAMUEL J. SAIA,

                          Defendant.


        Plaintiff Hajo Otto brought suit against defendant Samuel Saia alleging breach of

contract and fraud relating to the purchase of an interest in the defendant's hotel in

Florida.  Following trial, a jury rendered a verdict in favor of plaintiff on his breach of

contract claim but against plaintiff on his fraud claim.  As to the breach of contract

claim, the jury found that the defendant authorized an individual named Paul

Muccigrosso to act as his agent and to accept a $196,578.81 payment from plaintiff

representing a loan from plaintiff to Saia.  As it turns out, Mr. Muccigrosso absconded

with the money.  In the process of doing so, he transferred that money into various

other accounts as part of a Ponzi scheme.  Nevertheless, the jury found that Saia was

obligated to repay that loan under the terms of an agreement between himself and

plaintiff, and under the terms of a promissory note, which the jury expressly found

defendant Saia to have ratified.  The note obligated Saia to repay the loan plus interest.

The jury found that Saia breached his agreement when he failed to repay the loan with

interest.  The promissory note also included a provision requiring that, in the event of a

default, the borrower (Saia) would pay all reasonable attorneys fees and expenses

incurred in connection with enforcement of the note.  The jury awarded plaintiff

$224,984.35 in damages.

Currently before the Court are the following motions:  (1) a motion by defendant Saia to amend the judgment to allow for an offset representing the amount paid by other defendants with whom plaintiff settled; and (2) a motion by the plaintiff for costs and attorneys fees.[1]

Plaintiff's motion for attorneys' fees is hereby granted, and the defendant's motion to amend the judgment is denied.  Plaintiff seeks $219,013.80 in attorneys' fees. The Court finds that amount to be reasonable in light of the amount work preformed on this case.  Before trial, the parties litigated this matter for almost 5 years.  As a basis for defendant's objection, he argues that he never agreed to pay attorneys fees.  However, this argument was expressly rejected by the jury when they found that defendant Saia had ratified the note, which clearly provided for attorneys fees.

The defendant argues that he should not be liable for attorneys fees relating to plaintiff's claims against other defendants.  However, those defendants were liable because Saia failed to fulfill his obligations under the agreement.  Based upon the evidence presented at trial, the jury found that Saia authorized Muccigrosso to accept $196,578.81 on his (Saia's) behalf, as a loan to Saia from plaintiff.  Saia was liable to repay that loan even though Mr. Muccigrosso later absconded with the money.  In the process of doing so, Mr. Muccigrosso transferred the money into various unrelated accounts.  Plaintiff's claims against Saia's co-defendants represented claims by plaintiff for a return of those funds.  That those other defendants ultimately settled with the

---

[1]  Defendant Saia had also filed a objection to certain items in plaintiff's bill of costs. However, those objections were resolved by stipulation of the parties.

2

plaintiff, however, did not relieve Saia of his original agreement to repay the loan, nor is it appropriate to parse out the amount of time spend litigating claims against Saia verses claims against his co-defendants.  Had Saia repaid the $196,578.81 (as the jury found he had agreed to do), there would have been no need for the plaintiff to seek redress as against other persons that ultimately received some portion of that money.

Accordingly, plaintiff's motion for attorneys fees in the amount of $219,013.80 is granted and the defendant's motion to amend the judgment is denied.


IT IS SO ORDERED

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE


Dated: June //, 2010

3