UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HAJO OTTO,

                          Plaintiff,

                                                                     ORDER
             v.                                                          04-CV-494A

SAMUEL J. SAIA,

                          Defendant.

      Currently before the Court is a motion by the plaintiff, Hajo Otto, for an order compelling the judgment-debtor, Samuel Saia, and others to comply with post-judgment discovery requests.

      By way of background, on November 20, 2009, judgment was entered in favor of plaintiff against defendant Samuel Saia in the amount of $224,984.35 in the above-captioned case. On June 11, 2010, this Court granted attorneys' fees in favor of the plaintiff in the amount of $219,013.80. Consequently, plaintiff is now owed $443,998.15 by defendant Saia. The judgment is currently outstanding and no part of that judgment has been paid.

      In an effort to enforce that judgment, plaintiff served post-judgment discovery demands upon defendant Saia, and upon third-party witnesses Anita Saia Quinn and Alan Bozer, Esq., counsel for defendant Saia. Those discovery demands were mailed in May 2010. To date, there has been no response by Mr. Saia and Ms. Anita Saia Quinn. Mr. Bozer partially responded to some of the questions and objected to others.

      Plaintiff moved for an order compelling responses by Mr. Saia and Ms. Saia

1

Quinn, and for a more complete response by Mr. Bozer.[1]

As to the subpoena served upon Mr. Bozer, the motion to compel is granted in part and denied in part. Mr. Bozer has provided some information. Although he has not fully complied with the subpoena, the outstanding information sought by plaintiff would not aid in enforcing the judgment. Plaintiff is correct that information relating to fee arrangements is not protected by the attorney/client privilege. See *Priest v. Hennessy*, 51 N.Y. 2d 62 (1980). Nevertheless, this Court is reluctant to require counsel to disclose matters concerning his financial relationship with a client to opposing counsel absent a clear showing that such information would assist in enforcing the judgment. The outstanding information appears irrelevant to collecting the judgment. For example, question 3 seeks information as to the amounts of money that have already been paid by defendant Saia to his attorney. Saia's counsel has provided plaintiff with the date of the last payment received from Saia and a copy of that check showing the source of that payment. It is unclear how information about the total amount paid to defense counsel would assist in enforcing the judgment. Similarly, as to question 7, in light of the fact that defense counsel has represented that he is not in possession of any of Saia's money and that all money previously paid was paid for legal services rendered, it is unclear to this Court as to how plaintiff's request for information about exactly when those funds were paid would assist in enforcing the judgment. Accordingly, the request for outstanding information is denied, except that Mr. Bozer is directed to provide plaintiff's counsel with any information he has relating to the source

---

[1] In the interim, Mr. Bozer requested leave to withdraw as counsel for Mr. Saia. That motion is currently pending before this Court.

of any payments made by Saia to his attorney. Obviously, information relating to the source of the payments made by Saia is relevant to plaintiff's efforts to enforce the judgment. To the extent that Mr. Bozer has not already done so, he is directed to provide plaintiff with any information that he or his firm has relating to the source of payments made by Saia – for example, copies of redacted checks[2] or bank account information for accounts from which any funds were used to pay for representation of Saia. Such information shall be provided within 30 days of this order. The Court will leave the form of that disclosure to Mr. Bozer's discretion. Except to the extent just stated, the request for additional information from Mr. Bozer is denied.[3]

As to the motion for an order compelling responses by Mr. Saia and Ms. Saia Quinn, the Court grants plaintiff's motion to compel and directs judgment-debtor Samuel Saia and third-party witness Anita Saia Quinn to comply with the discovery subpoenas. Plaintiff is directed to serve a copy of this order upon Mr. Saia and Ms. Saia Quinn along with a copy of the previously-served subpoenas. Mr. Saia and Ms. Saia Quinn are directed to respond within 21 days of service. Failure to respond may result in a finding of contempt by this Court.

## **CONCLUSION**

---

[2] The amount paid to counsel may be redacted as long as information concerning the account from which those funds were drawn is disclosed.

[3] It appears that Mr. Bozer may have already provided all of this information to plaintiff's counsel. In that case, this directive is moot. This directive applies only to the extent that there remains undisclosed information relating to the *source* of any payments made by Mr. Saia to his attorneys.

For the reasons stated, the motion for post-judgment discovery (Dkt. No. 237) is granted in part and denied in part.  Defense counsel's motion for leave to file a sur-reply (Dkt. No. 248) is denied as moot.

**Plaintiff is directed to serve a copy of this order upon Mr. Saia and Ms. Saia Quinn along with a copy of the previously-served subpoenas for information.  Mr. Saia and Ms. Saia Quinn are directed to respond within 21 days of service.  Failure to respond may result in a finding of contempt by this Court.**

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: December 21, 2010